# EXHIBIT 1

## (Plaintiff's proposed amended complaint)

# EXHIBIT 1

## (Plaintiff's proposed amended complaint)

DOUGLAS M. COHEN, ESQ. (SBN 1214)
**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
3773 Howard Hughes Parkway, Suite 590 South
Las Vegas, NV 89169
Tel.: (702) 341-5200 / Fax: (702) 341-5300
Email: DCohen@wrslawyers.com

*Attorney for Plaintiff, Rino Tenorio*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RINO TENORIO, | Case No: 2:20-cv-00517-GMN-VCF |
| Plaintiff, | |
| vs. | **[proposed] FIRST AMENDED COMPLAINT AND JURY DEMAND** |
| STATE OF NEVADA, DEPARTMENT OF TAXATION AND DOES 1 Through 5 and ROE BUSINESS ENTITIES 1-5, | |
| Defendants. | |

1. Plaintiff, Rino Tenorio, complains against the Defendant, State of Nevada, Department of Taxation, as stated herein.

## JURISDICTIONAL STATEMENT

2. This case involves a federal question under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et.seq*.

## FACTS

3. Paragraphs 1-2 are incorporated herein.

4. Defendant, the State of Nevada, Department of Taxation, is an agency of the State of Nevada. The State of Nevada, Department of Taxation is responsible for the licensing and regulating retail marijuana businesses in Nevada through its Marijuana Enforcement Division (collectively, "Department"). The Department is vicariously liable for the acts of its supervisor(s) and Director as stated herein.

5. Plaintiff, Rino Tenorio, is employed by the Department as an Auditor II. He is gay.

6.      Rino Tenorio was discriminated against as alleged in his Charge of Discrimination **(exhibit 1)** filed in October 2019 with the Nevada Equal Rights Commission/Equal Employment Opportunity Commission.  Rino Tenorio's Charge of Discrimination is based on the Department's hostile work environment that included severe, pervasive and unwelcomed sexual harassment against Rino Tenorio because of his sexual orientation and based on retaliation. After Rino Tenorio complained to the Department about the sexual harassment/hostile work environment, the Department retaliated against him as stated in the Charge of Discrimination. The allegations in his Charge of Discrimination **(exhibit 1)** are incorporated herein. The U.S. Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights on October 31, 2019 **(exhibit 2).**

7.      In January or February 2017, the precursor to the Department was the Division of Public and Behavioral Health ("Division"), which was responsible for medical marijuana. The Division's supervisor was Karalin Chronkite and she fostered an environment of sexual harassment/hostile work environment within the Division based on Rino Tenorio's sexual orientation and allowed, directly encouraged and participated in, with laughter, Brian Chittenden's (Marijuana Inspector I) sexual harassment of Rino Tenorio about his sexual orientation, which included unwanted and uninvited discussions of gay sex, gay jokes, obscene gay gestures and gay sexual sounds. Among other employees during these discussions was Chris Jacobson, Marijuana Inspector II. The Division's employees transferred to the Department in June 2017. Under the supervision of Karalin Cronkite, Rino Tenorio's work environment continued/continues to be permeated with abusive discriminatory behavior, intimidation and retaliation.

8.      On or about December 12-17, 2018, Karalin Cronkite, Marijuana Supervisor, and Andrea Fountain, Management Analyst II, without Rino Tenorio's permission or consent, and through their concerted action, superimposed/photo shopped Rino Tenorio's face in the place of a women's face who is wearing a Mexican style dress **(exhibit 3)** and shared this photo making fun of his sexual orientation with other employees in the Department, humiliating Rino Tenorio and causing him great emotional distress. On or about December 17, 2018,  Rino complained to Karalin   Cronkite   and   then   on   the   same   day   to   the   Department's   Human   Resources

Department/Sexual Harassment and Discrimination Unit who began an internal investigation. The Department did nothing to ameliorate the sexually harassing work environment/sexual discrimination that targeted Rino Tenorio because of his sexual orientation.

9.   On or about January 8, 2019, Chris Jacobson, Marijuana II, emboldened by the existing hostile work environment and by the aforementioned behavior of Supervisor Karalin Chronkite, continued to further sexually harass Rino Tenorio based on Rino Tenorio's sexual orientation when he placed chocolate kisses candy on Rino Tenorio's office desk stating, "ok you can kiss me now," causing him further humiliation, embarrassment and great emotional distress.

10.   As a result of Rino Tenorio's complaints to the Department about the sexual harassment/hostile work environment that he suffered in the Department because of his sexual orientation, the Department by and through the acts and direction of Melanie Young, Director of Taxation, retaliated against him by instigating and subjecting him to tangible adverse employment consequences such as fake/false file building, including an ongoing internal investigation based on untrue allegations for wrongdoing and workplace misbehavior. The Department/State, by and through the acts and direction of Melanie Young, also retaliated against Rino Tenorio by instigating the placement of Rino Tenorio on a severe and prolonged administrative leave and by deliberately stalling and failing to complete his internal sexual harassment/hostile work environment charge investigation to conclusion through agency review which remains without an outcome or resolution since December 2018, well over one year ago, and in violation of State Policy/Nevada Statutes.   The Department also retaliated against Rino Tenorio by excluding him from an employee party, and official office functions including training on Acela, a new software data base, despite the fact that he was the senior most auditor.  The Department further retaliated against Rino Tenorio on October 11, 2019, when Tyler Klimas, Deputy Director, approached Rino Tenorio at work and misled him by stating that he would accompany him to the Human Resources Department under the guise that Human Resources wanted to speak with him, while all along knowing that he was escorting Rino Tenorio to be interrogated by Sgt. Peterson in the Department of Public Safety. The Department's aforementioned retaliatory acts were intentional, severe and pervasive and encouraged unwelcomed sexual harassment/hostile work environment based on

Rino Tenorio's sexual orientation.

11.     As a direct and proximate result of the Department's unwelcomed discriminatory and retaliatory actions, Rino Tenorio's conditions of employment were negatively altered and he suffered and continues to suffer severer emotional, physical and mental distress, inconvenience, loss of enjoyment of life, medical expenses and negative/adverse employment consequences.

<b>(FIRST CLAIM FOR RELIEF)</b>

<b><u>VIOLATION OF TITLE VII AND NRS 613.310, <i>et.seq.</i></u></b>

12.     Paragraphs 1 through 11 are incorporated herein.

13.     The Department violated NRS 613.310 <i>et. seq.</i>, and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <i>et.seq.</i>, when the Department discriminated against and retaliated against Rino Tenorio based on his sexual orientation.

14.     As a direct and proximate result of the Department's unwelcomed discriminatory and retaliatory actions, Rino Tenorio suffered and continues to suffer severe emotional, physical and mental distress, inconvenience, loss of enjoyment of life, medical expenses, negative/adverse employment consequences, costs and attorney's fees.

<b>(SECOND CLAIM FOR RELIEF)</b>

<b><u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/TORT OF OUTRAGE</u></b>

15.     Paragraphs 1 through 14 are incorporated herein.

16.     The Department's discriminatory and retaliatory conduct, including those acts by and through its supervisor and Director, was extreme and outrageous and committed with the intention of, or reckless disregard for, causing emotional distress to Rino Tenorio.

17.     As a direct and proximate result, Rino Tenorio suffered severe and extreme emotional and physical distress and inconvenience (crying at night, inability to eat, difficulty in sleeping, shaking, upset stomach, vomiting, and suicidal ideation,  which included medical diagnoses of  F33.2 for major depressive disorder, F41.9 for anxiety disorder, and F43.10 post-traumatic stress disorder) loss of enjoyment of life, medical expenses, negative/adverse employment consequences, costs and attorney's fees.

/ / /

## <u>DOES 1 THROUGH 5 AND ROE BUSINESS ENTITIES 1-5</u>

18.     Paragraphs 1 through 17 are incorporated herein.

19.     The true names and capacities of Defendants DOES 1-5 and ROE BUSINESS ENTITIES 1-5 are unknown to Plaintiff; therefore, Plaintiff sues those Defendants by such fictitious names. Plaintiff alleges on information and belief that each of the Defendants designated as a DOE is a partner, officer, director, employer, or employee, or is in some manner associated with one or more of the Defendants, and is responsible in some manner for the events referred to herein, and is the proximate cause of the damages suffered by Plaintiff. Plaintiff alleges on information and belief that each of the ROE CORPORATIONS is the parent corporation, sibling corporation, subsidiary corporation, partner, shareholder, or alter ego of, or in some manner associated with one or more of the Defendants and is responsible in some manner for the events referred to in this Complaint, and is the proximate cause of the damages suffered by Plaintiff. Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of these Defendants and to join such Defendants in this action when such names have been ascertained by Plaintiff.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for a judgment against the Defendants, jointly and severally, as follows:

1.       For general damages in excess of $15,000;

2.       For special damages in excess of $15,000;

3.       For reasonable costs and attorney's fees; and

4.       For such other and further relief that the Court deems appropriate.

DATED this _____ day of March, 2021.


                                        **WOLF, RIFKIN, SHAPIRO, SCHULMAN &**
                                        **RABKIN, LLP**


                              By:      _/s/_____
                                        DOUGLAS M. COHEN, ESQ. (SBN 1214)
                                        3773 Howard Hughes Parkway, Suite 590 South
                                        Las Vegas, NV 89169
                                        Tel.: (702) 341-5200 / Fax: (702) 341-5300
                                        Email: DCohen@wrslawyers.com

                                        *Attorney for Plaintiff, Rino Tenorio*

1

## **DEMAND FOR JURY TRIAL**

2

3

Plaintiff hereby demands a jury on all claims.

4

DATED This __th day of March 2021.

5

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN. LLP**

6

7

By:  /s/_____

8

DOUGLAS M. COHEN, ESQ. (SBN 1214)
3773 Howard Hughes Parkway, Suite 590 South

9

Las Vegas, NV 89169
Tel.: (702) 341-5200 / Fax: (702) 341-5300

10

Email: DCohen@wrslawyers.com

11

*Attorney for Plaintiff, Rino Tenorio*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT AND JURY DEMAND

1

## <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on this _____day of March, 2021, a true and correct copy of **FIRST**

3  **AMENDED COMPLAINT AND JURY DEMAND** was served via the United States District

4  Court CM/ECF system on all parties or persons requiring notice.

5

6                                By   _/s/ Jennifer Finley_____

7                                      Jennifer Finley, an Employee of
                                       WOLF, RIFKIN, SHAPIRO, SCHULMAN &

8                                      RABKIN, LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 487-2020-00083 and EEOC |

**NEVADA EQUAL RIGHTS COMMISSION**
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MR. RINO M TENORIO | (702) 612-9843 | 1963 |

Street Address                          City, State and ZIP Code
6416 BUCK JONES UNIT 101,  LAS VEGAS, NV 89122

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| STATE OF NEVADA DEPARTMENT OF TAXATION MARIJUANA ENFORCEMENT | | (702) 486-2500 |

Street Address                          City, State and ZIP Code
555 E WASHINGTON ST GRANT SAWYER BUILDING,  LAS VEGAS,  NV 89101

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                          City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  10-16-2019        Latest  10-16-2019

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

STATE OF NEVADA County of CLARK

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Rino Tenorio on 10-25-2019 12:38 PM EDT

NOTARY - When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 10/28/19
(month, day, year)

GEORGE STARESINIC
Notary Public - State of Nevada
County of Clark
APPT. NO. 10-1728-1
My App. Expires Aug. 9, 2022

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 487-2020-00083 |
| NEVADA EQUAL RIGHTS COMMISSION | | and EEOC |

*State or local Agency, if any*

FOR IN OR AROUND FIVE YEARS, I HAVE BEEN EMPLOYED AS A AUDITOR II. ON OR ABOUT DECEMBER 17, 2018, I WAS SUBJECTED TO A HARASSING AND OFFENSIVE EMAIL WHERE MY SUPERVISOR, KARALIN CRONKHITE, ESSENTIALLY MOCKED MY SEXUAL ORIENTATION AND EMBARRASSED ME IN FRONT OF OTHER MEMBERS OF MANAGEMENT AND MY PEERS. I IMMEDIATELY TOLD MY SUPERVISOR THAT I WAS OFFENDED BY THE INAPPROPRIATE AND UNPROFESSIONAL EMAIL. I THEN FILED A COMPLAINT WITH MY INTERNAL EEO OFFICE; HOWEVER, I IMMEDIATELY BEGAN FEELING RETALIATED AGAINST FOR MY COMPLAINT. ON OR ABOUT JANUARY 31, 2019 I RECEIVED NOTIFICATION THAT I WAS BEING INVESTIGATED FOR ALLEGEDLY VIOLATING MULTIPLE POLICIES AND WAS ACCUSED OF VIOLATING WORKPLACE BEHAVIOR. THE FOLLOWING MONTH, ON OR ABOUT FEBRUARY 28, 2019, I RECEIVED ANOTHER NOTIFICATION THAT I WAS BEING INVESTIGATED FOR ALLEGEDLY WITHHOLDING OR CONCEALING INFORMATION; WHICH AGAIN IS NOT TRUE. THE INVESTIGATION HAS BEEN EXTENDED THREE TIMES AND IN OR AROUND OCTOBER 2019 WAS NOTIFIED THAT ONE OR TWO ITEMS WERE ALLEGEDLY SUBSTANTIATED; CONTINUING MY HARASSING TREATMENT.

I BELIEVE I AM BEING RETALIATED AGAINST FOR ENGAGING IN A PROTECTED ACTIVITY, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED.

State of NEVADA County of CLARK

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Rino Tenorio on 10-25-2019 12:38 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 10/25/19 (month, day, year) |

GEORGE STARESINIC
Notary Public - State of Nevada
County of Clark
APPT. NO. 10-1728-1
My App. Expires Aug. 9, 2022

# EXHIBIT 2

# EXHIBIT 2

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Rino M. Tenorio<br>6416 Buck Jones Unit 101<br>Las Vegas, NV 89101 | From: Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 487-2020-00083 | Amy Nigro,<br>Investigator | (702) 388-5014 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_Amy Nigro FOR_

Patricia A. Kane,
Acting Director

OCT 3 1 2019
(Date Mailed)

Enclosures(s)

cc: Peter Long
Administrator of Division of HR Management
STATE OF NEVADA, DEPARTMENT OF
ADMINISTRATION
209 E Musser St
Suite 101
Carson City, NV 89701

# EXHIBIT 3

# EXHIBIT 3



