DOUGLAS M. COHEN, ESQ. (SBN 1214)
**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
3773 Howard Hughes Parkway, Suite 590 South
Las Vegas, NV 89169
Tel.: (702) 341-5200 / Fax: (702) 341-5300
Email: DCohen@wrslawyers.com

*Attorney for Plaintiff, Rino Tenorio*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RINO TENORIO,<br><br>                Plaintiff,<br><br>        vs.<br><br>STATE OF NEVADA, DEPARTMENT OF TAXATION AND DOES 1 Through 5 and ROE BUSINESS ENTITIES 1-5,<br><br>                Defendants. | Case No: 2:20-cv-00517-GMN-VCF<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

1.      Plaintiff, Rino Tenorio, complains against the Defendant, State of Nevada, Department of Taxation, as stated herein.

### JURISDICTIONAL STATEMENT

2.      This case involves a federal question under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et.seq*.

### FACTS

3.      Paragraphs 1-2 are incorporated herein.

4.      Defendant, the State of Nevada, Department of Taxation, is an agency of the State of Nevada. The State of Nevada, Department of Taxation is responsible for the licensing and regulating retail marijuana businesses in Nevada through its Marijuana Enforcement Division (collectively, "Department").  The Department is vicariously liable for the acts of its supervisor(s) and Director as stated herein.

5.      Plaintiff, Rino Tenorio, is employed by the Department as an Auditor II.  He is gay.

6.      Rino Tenorio was discriminated against as alleged in his Charge of Discrimination **(exhibit 1)** filed in October 2019 with the Nevada Equal Rights Commission/Equal Employment Opportunity Commission.  Rino Tenorio's Charge of Discrimination is based on the Department's hostile work environment that included severe, pervasive and unwelcomed sexual harassment against Rino Tenorio because of his sexual orientation and based on retaliation. After Rino Tenorio complained to the Department about the sexual harassment/hostile work environment, the Department retaliated against him as stated in the Charge of Discrimination. The allegations in his Charge of Discrimination **(exhibit 1)** are incorporated herein. The U.S. Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights on October 31, 2019 **(exhibit 2).**

7.      In January or February 2017, the precursor to the Department was the Division of Public and Behavioral Health ("Division"), which was responsible for medical marijuana. The Division's supervisor was Karalin Chronkite and she fostered an environment of sexual harassment/hostile work environment within the Division based on Rino Tenorio's sexual orientation and allowed, directly encouraged and participated in, with laughter, Brian Chittenden's (Marijuana Inspector I) sexual harassment of Rino Tenorio about his sexual orientation, which included unwanted and uninvited discussions of gay sex, gay jokes, obscene gay gestures and gay sexual sounds. Among other employees during these discussions was Chris Jacobson, Marijuana Inspector II. The Division's employees transferred to the Department in June 2017. Under the supervision of Karalin Cronkite, Rino Tenorio's work environment continued/continues to be permeated with abusive discriminatory behavior, intimidation and retaliation.

8.      On or about December 12-17, 2018, Karalin Cronkite, Marijuana Supervisor, and Andrea Fountain, Management Analyst II, without Rino Tenorio's permission or consent, and through their concerted action, superimposed/photo shopped Rino Tenorio's face in the place of a women's face who is wearing a Mexican style dress **(exhibit 3)** and shared this photo making fun of his sexual orientation with other employees in the Department, humiliating Rino Tenorio and causing him great emotional distress. On or about December 17, 2018,  Rino complained to Karalin  Cronkite  and  then  on  the  same  day  to  the  Department's  Human  Resources

Department/Sexual Harassment and Discrimination Unit who began an internal investigation. The Department did nothing to ameliorate the sexually harassing work environment/sexual discrimination that targeted Rino Tenorio because of his sexual orientation.

9.     On or about January 8, 2019, Chris Jacobson, Marijuana II, emboldened by the existing hostile work environment and by the aforementioned behavior of Supervisor Karalin Chronkite, continued to further sexually harass Rino Tenorio based on Rino Tenorio's sexual orientation when he placed chocolate kisses candy on Rino Tenorio's office desk stating, "ok you can kiss me now," causing him further humiliation, embarrassment and great emotional distress.

10.     As a result of Rino Tenorio's complaints to the Department about the sexual harassment/hostile work environment that he suffered in the Department because of his sexual orientation, the Department by and through the acts and direction of Melanie Young, Director of Taxation, retaliated against him by instigating and subjecting him to tangible adverse employment consequences such as fake/false file building, including an ongoing internal investigation based on untrue allegations for wrongdoing and workplace misbehavior. The Department/State, by and through the acts and direction of Melanie Young, also retaliated against Rino Tenorio by instigating the placement of Rino Tenorio on a severe and prolonged administrative leave and by deliberately stalling and failing to complete his internal sexual harassment/hostile work environment charge investigation to conclusion through agency review which remains without an outcome or resolution since December 2018, well over one year ago, and in violation of  State Policy/Nevada Statutes.   The Department also retaliated against Rino Tenorio by excluding him from an employee party, and official office functions including training on Acela, a new software data base, despite the fact that he was the senior most auditor.  The Department further retaliated against Rino Tenorio on October 11, 2019, when Tyler Klimas, Deputy Director, approached Rino Tenorio at work and misled him by stating that he would accompany him to the Human Resources Department under the guise that Human Resources wanted to speak with him, while all along knowing that he was escorting Rino Tenorio to be interrogated by Sgt. Peterson in the Department of Public Safety. The Department's aforementioned retaliatory acts were intentional, severe and pervasive and encouraged unwelcomed sexual harassment/hostile work environment based on

Rino Tenorio's sexual orientation.

11.    As a direct and proximate result of the Department's unwelcomed discriminatory and retaliatory actions, Rino Tenorio's conditions of employment were negatively altered and he suffered and continues to suffer severer emotional, physical and mental distress, inconvenience, loss of enjoyment of life, medical expenses and negative/adverse employment consequences.

### (FIRST CLAIM FOR RELIEF)

### <u>VIOLATION OF TITLE VII AND NRS 613.310, *et.seq.*</u>

12.    Paragraphs 1 through 11 are incorporated herein.

13.    The Department violated NRS 613.310 *et. seq.*, and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et.seq.*, when the Department discriminated against and retaliated against Rino Tenorio based on his sexual orientation.

14.    As a direct and proximate result of the Department's unwelcomed discriminatory and retaliatory actions, Rino Tenorio suffered and continues to suffer severe emotional, physical and mental distress, inconvenience, loss of enjoyment of life, medical expenses, negative/adverse employment consequences, costs and attorney's fees.

### (SECOND CLAIM FOR RELIEF)

### <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/TORT OF OUTRAGE</u>

15.    Paragraphs 1 through 14 are incorporated herein.

16.    The Department's discriminatory and retaliatory conduct, including those acts by and through its supervisor and Director, was extreme and outrageous and committed with the intention of, or reckless disregard for, causing emotional distress to Rino Tenorio.

17.    As a direct and proximate result, Rino Tenorio suffered severe and extreme emotional and physical distress and inconvenience (crying at night, inability to eat, difficulty in sleeping, shaking, upset stomach, vomiting, and suicidal ideation, which included medical diagnoses of  F33.2 for major depressive disorder, F41.9 for anxiety disorder, and F43.10 post-traumatic stress disorder) loss of enjoyment of life, medical expenses, negative/adverse employment consequences, costs and attorney's fees.

/ / /

## **DOES 1 THROUGH 5 AND ROE BUSINESS ENTITIES 1-5**

18.    Paragraphs 1 through 17 are incorporated herein.

19.    The true names and capacities of Defendants DOES 1-5 and ROE BUSINESS ENTITIES 1-5 are unknown to Plaintiff; therefore, Plaintiff sues those Defendants by such fictitious names. Plaintiff alleges on information and belief that each of the Defendants designated as a DOE is a partner, officer, director, employer, or employee, or is in some manner associated with one or more of the Defendants, and is responsible in some manner for the events referred to herein, and is the proximate cause of the damages suffered by Plaintiff. Plaintiff alleges on information and belief that each of the ROE CORPORATIONS is the parent corporation, sibling corporation, subsidiary corporation, partner, shareholder, or alter ego of, or in some manner associated with one or more of the Defendants and is responsible in some manner for the events referred to in this Complaint, and is the proximate cause of the damages suffered by Plaintiff. Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of these Defendants and to join such Defendants in this action when such names have been ascertained by Plaintiff.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

<u>**PRAYER FOR RELIEF**</u>

2

**WHEREFORE,** Plaintiff prays for a judgment against the Defendants, jointly and

3

severally, as follows:

4

      1.      For general damages in excess of $15,000;

5

      2.      For special damages in excess of $15,000;

6

      3.      For reasonable costs and attorney's fees; and

7

      4.      For such other and further relief that the Court deems appropriate.

8

DATED this 13th day of April, 2021.

9

10

          **WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP**

11

12

          By:      */s/   Douglas M. Cohen*

13

                    DOUGLAS M. COHEN, ESQ. (SBN 1214)
3773 Howard Hughes Parkway, Suite 590 South

14

                    Las Vegas, NV 89169
Tel.: (702) 341-5200 / Fax: (702) 341-5300

15

                    Email: DCohen@wrslawyers.com

16

                    *Attorney for Plaintiff, Rino Tenorio*

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

3        Plaintiff hereby demands a jury on all claims.

4    DATED This 13th day of April, 2021.

**WOLF, RIFKIN, SHAPIRO, SCHULMAN &**
**RABKIN. LLP**

5

6

7                                        By:   */s/   Douglas M. Cohen*
                                              DOUGLAS M. COHEN, ESQ. (SBN 1214)
8                                              3773 Howard Hughes Parkway, Suite 590 South
                                              Las Vegas, NV 89169
9                                              Tel.: (702) 341-5200 / Fax: (702) 341-5300
                                              Email: DCohen@wrslawyers.com
10

11                                             *Attorney for Plaintiff, Rino Tenorio*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 13th day of April, 2021, a true and correct copy of **FIRST AMENDED COMPLAINT AND JURY DEMAND** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By   */s/ Jennifer Finley*
Jennifer Finley, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP