UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RINO TENORIO,<br><br>　　　　　　Plaintiff,<br>　v.<br>STATE OF NEVADA, DEPARTMENT OF TAXATION; DOES 1 through 5; and ROE BUSINESS ENTITIES 1 through 5,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-00517-ART-VCF<br><br>ORDER |

Before the Court are Plaintiff Rino Tenorio's ("Tenorio") Motion for Leave of Court to File Supplement to Plaintiff's Response Brief (ECF No. 84) and Objection to Magistrate Judge Ferenbach's Denial of Plaintiff's Motion to Disqualify (ECF No. 71). Defendant State of Nevada, Department of Taxation's ("Department") Motion for Summary Judgment (ECF No. 56) is also before the Court, but the Court defers deciding that Motion until oral argument. For the reasons stated below the court grants Tenorio's Motion for Leave to File Supplemental Briefing (ECF No. 84) and overrules Tenorio's Objection (ECF No. 71).

**I. BACKGROUND**

This case is an employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et.seq* ("Title VII"), NRS 613.310 *et. seq* and the common law. (ECF No. 46 ¶ ¶15-19). Tenorio, who is gay, alleges that the Department's work environment was hostile, he was retaliated against, and he was discriminated against on the basis of his sexual orientation. (*Id.* ¶ ¶ 6-7, 9). Tenorio brings two claims against the Department: 1) Violation of Title VII and NRS 613.310; and 2) Intentional Infliction of Emotional Distress/Tort of Outrage. (*Id.* ¶ ¶ 12-17).

1

Tenorio's Motion to Supplement (ECF No. 84) is in response to arguments made by the Department in their Reply to the Department's Motion for Summary Judgment. (ECF No. 82). The Department argues that Tenorio relies on inadmissible statements allegedly made to him by a contract employee of the Department—Mona Fowlkes—in his Response to the Department's Motion for Summary Judgment because the statements Tenorio relies on are both hearsay and otherwise inadmissible as Tenorio did not disclose Fowlkes' identity in his Rule 26 disclosures. (ECF No. 82 at 5-6). Tenorio seeks to supplement his Response to the Department's Motion for Summary Judgment with a short argument that Fowlkes' alleged statements are not hearsay based on two court opinions from the Eastern and Northern Districts of California that were issued after the Department's Reply brief was filed. (ECF No. 84 at 1-3). The Department opposes Tenorio's Motion to Supplement on the basis that Tenorio did not demonstrate that the proffered authority meets any of the good cause standards the Department contends are required for leave to supplement a response. (ECF No. 86 at 2-3). In his Reply, Tenorio argues the proffered authority cites precedential Ninth Circuit law, addresses relevant hearsay issues, and is "helpful" to this Court. (ECF No. 87 at 4).

Tenorio's Motion to Disqualify arises from conduct that occurred during Tenorio's deposition. A former lawyer for the Department, Akke Levin, spoke with Tenorio during a break in the deposition while his counsel was absent. (ECF No. 53 at 2). During the break, Levin told Tenorio that she had friends who, like Tenorio, are gay, and offered to leave the name of one of them, a therapist, with Tenorio's lawyer. (*Id.*) Tenorio interpreted her comments as suggesting that Tenorio needed a therapist because he was gay. (*Id.*) After the break, Levin cross-examined Tenorio about the medical treatment he received for the emotional distress he alleges in this lawsuit. (*Id.*) Tenorio avers that he could not think clearly and was unable to give his "best answers" during this session because he

was upset by the comments Levin made during the break in the deposition. (*Id.*)

Tenorio moved to disqualify Akke Levin and prohibit the Department from using Tenorio's deposition testimony relating to mental health treatment obtained after Levin's comments to cross-examine Tenorio at trial. (*Id.* at 1).

In an oral ruling, Magistrate Judge Ferenbach denied Tenorio's Motion to Disqualify. (ECF Nos. 66, 69). Magistrate Judge Ferenbach determined that Levin's statements were an example of "showing a human side to an adverse party" and concluded that, while there may have been an ex parte communication it did not rise "to the level of anything that would be sanctionable by this court." (ECF No. 69 at 16:16-23). Magistrate Judge Ferenbach pointed out that if Tenorio were cross-examined at trial on the statements he made during his deposition he could recount that the ex parte communication upset him and affected his deposition testimony. (*Id.* at 17:19-25).

Tenorio timely objected to Magistrate Judge Ferenbach's denial of Tenorio's Motion to Disqualify. (ECF No. 71). Tenorio argues that 1) Levin's ex parte communications concerned his mental health in connection with his discrimination claims that animate this action and that they therefore violated Nevada Rule of Professional Conduct ("NRPC") 4.2; 2) that Magistrate Judge Ferenbach's order "improperly balanced the prejudices that will inure to the parties. . . "; and 3) that Magistrate Judge Ferenbach's suggested remedies do not address the specific harm here (*Id.* at 4, 9, 10).

Subsequently, Levin left the Nevada Attorney General's office. (ECF No. 88). As a result, Tenorio only seeks his second remedy: the exclusion of deposition testimony concerning Tenorio's mental health treatment. (*Id.*)

For the reasons explained below, the Court grants Tenorio's Motion to Supplement (ECF No. 84) and overrules Tenorio's Objection (ECF No. 71).

## II. DISCUSSION

**A. Tenorio's Motion to Supplement (ECF No. 84)**

"LR 7–2(g) requires parties to acquire leave of court before filing supplemental briefs." *Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021) (citation omitted). "A court may grant such a request for good cause." *Id.* "Good cause may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful. *Id.* (citing *Hunt v. Washoe Cty. Sch. Dist.*, Case No. 3:18-cv-00501-LRH-WGC, 2019 WL 4262510, at *3 (D. Nev. Sept. 9, 2019)).

Here, Tenorio complied with LR 7-2(g) by filing a motion for leave to file supplemental authorities rather than filing a notice of supplemental authorities. *See Alps Prop.*, 526 F. Supp. 3d at 812. Tenorio moves to supplement his Response to the Department's Motion for Summary Judgment with two cases: *Jordan v. Anunciacion*, No. 1:20-CV-00467-JLT-EPG (PC), 2022 WL 2333781 (E.D. Cal. June 28, 2022), *report and recommendation adopted*, No. 1:20-CV-0467-JLT-EPG (PC), 2022 WL 3045062 (E.D. Cal. Aug. 2, 2022) and *United States v. Balwani*, No. 5:18-CR-00258-EJD-2, 2022 WL 2132266 (N.D. Cal. June 14, 2022). (ECF No. 84 at 2-3). As the Department points out, these two cases constitute the decisions of federal district courts in California and are therefore not precedential or controlling in the current matter, (ECF No. 86 at 2), but other courts within this district have granted motions for leave to file similarly non-controlling authority. *See Alps Prop.*, 526 F. Supp. 3d at 812.

The Court finds that good cause exists to grant the motion; the proffered authority is helpful to the court because the proffered cases involve similar—though not identical—hearsay issues involving adoptive admissions, including analysis of when an agency relationship, an adoptive admission, or an authorized admission exists under Federal Rule of Evidence 801(d)(2).

Therefore, Tenorio's Motion to Supplement (ECF No. 84) is granted.

**B. Tenorio's Objection (ECF No. 71)**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a). Here, the Court does not believe Magistrate Judge Ferenbach's ruling is clearly erroneous or contrary to law, and therefore overrules Tenorio's Objection. (ECF No. 71).

As Levin has left the Attorney General's office and her disqualification would therefore be moot, the Court focuses on the remaining remedy Tenorio requests: prohibiting the Department from using pages 344 through 357 and pages 407 through 410 of his deposition transcript at trial. (ECF No. 53 at 4:6-8). The Department seeks to introduce these pages of Tenorio's deposition in part because Tenorio testified that he began seeking mental health treatment in October 2019. (ECF No. 79-2 at 344:21). In his signed Errata Sheet, Tenorio added that his severe emotional distress and physical symptoms began in December 2018. (ECF No. 79-3 at 2).

The parties agree that Levin did not obtain any information "she shouldn't have been entitled to" during the ex parte communication, though they disagree whether or not the subject of this litigation was discussed. (ECF Nos. 69 at 10:21-25; 79 at 7:16-17). This means the present case is not on all fours with many of the cases discussed in the parties' briefing where a lawyer for one party was able to obtain confidential information via ex parte communications. *See, e.g. Faison v. Thorton*, 863 F. Supp. 1204, 1216-17 (D. Nev. 1993) *overruled on other grounds*, *Palmer v. Pioneer Inn Assocs., Ltd.*, 338 F.3d 981 (9th Cir. 2003) (counsel met with the opposing party for hours, asked opposing party to review documents and answer questions related to the litigation outside the presence of the opposing party's counsel).

Here, there was no evidence obtained via Levin's allegedly improper ex parte

communication. Rather, Tenorio argues that the contrast between Levin's "empathetic" comments and her subsequent cross-examination threw Tenorio off balance and affected his deposition testimony. Flustered deponents are part and parcel of any litigation; the burden is on the deponent's counsel to prepare their client. Though Levin should not have engaged with Tenorio without his counsel present, the Court agrees with Magistrate Judge Ferenbach that the information Levin gained during the communication, if any, was not confidential. Tenorio had the opportunity to correct his testimony and did so, albeit in a limited fashion. If this case proceeds to trial, Tenorio can either explain why he was flustered to the jury or file a motion in limine if he believes, e.g., that portions of the contested testimony are more prejudicial than probative.

For these reasons, Tenorio's Objection to Magistrate Judge Ferenbach's ruling is overruled. (ECF No. 71).

### III.     CONCLUSION

It is therefore ordered that Tenorio's Motion to Supplement (ECF No. 84) is granted. It is further ordered that Tenorio's Objection is overruled. (ECF No. 71).

It is so ordered.

DATED THIS 24th day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE